IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-58,673-03 and


WR-58,673-04






EX PARTE BOBBY LEE GRIFFIN, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NUMBERS 31,968-C AND 29,212-B IN THE 23RD

DISTRICT COURT BRAZORIA COUNTY 






 Per curiam.


O R D E R


 These are applications for a writs of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). In both cases, Applicant was convicted of burglary of a habitation, and he was
sentenced to concurrent terms of ten years in prison. There were no direct appeals.

 Applicant previously filed two writ applications challenging these convictions. Both
of these applications, however, were dismissed as they were not compliant with the appellate
rules. Applicant has now filed two additional writ applications, which are compliant, making
identical allegations: involuntary plea due to ineffective assistance of counsel and defective
indictment. The State has provided a response, and the trial court has recommended that
relief be denied.

 In its answer, the State asserts that these issues were previously raised and resolved
in Applicant's first writ application where a hearing was conducted before the trial court. 
However, the record provided to this Court does not contain a transcription of this hearing. 
If the transcription was included in the record provided to this Court with the first writ
application, this Court no longer has that record. It was returned to the Brazoria County
District Clerk unfiled as the writ application itself was non-compliant. Also, while the
judgment indicates that these convictions resulted from plea bargains, the record provided
to this Court does not contain plea papers in either case.

 It is this Court's opinion, therefore, that additional information is needed before this
Court can render a decision. Because this Court does not hear evidence, though, the trial
court is the appropriate forum. Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960). Thus, the trial court shall supplement the record to this Court with a copy of the
transcription of the hearing referenced above and a copy of any plea papers in these cases. 
The trial court may also provide any other documents that it deems relevant and appropriate
to the disposition of Applicant's application for habeas corpus relief.

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. A supplemental transcript containing
the transcription and any plea papers previously described shall be returned to this Court
within 30 days of the date of this order. (1)




DELIVERED: May 10, 2006.

DO NOT PUBLISH


 
1. [1] Any extensions of this time period shall be obtained from this Court.